IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CURTIS SMITH, No. 42043, )
MELVIN LEROY TYLER, No. 09670, )
  )
                Plaintiffs, )
  )
                v. )    No. 04-4075-CV-C-NKL
  )
BOB HOLDEN, et al., )
  )
                Defendants. )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiffs Curtis Smith and Melvin Leroy Tyler, inmates confined in Missouri penal institutions, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      Upon review of recent filings by defendants, it has come to the Court's attention that plaintiff Melvin Leroy Tyler has previously litigated claims challenging the validity of his 1994 parole denial as violating due process and the Ex Post Facto Clause. An Order was entered in the United States District Court for the Eastern District of Missouri by the Honorable Catherine D. Perry on May 29, 1997, denying Tyler's claims and petition for writ of habeas corpus. Tyler v. Delo, No. 4:95CV314-CDP (E.D. Mo. 1997). Judge Perry held that the recision of plaintiff Tyler's 1994 presumptive parole release date was not an interest protected by due process, and moreover, even if Tyler had a threatened liberty interest, he was provided all the process he was due, and thus there was no due process violation. It was further held that although Tyler had proven retrospective application of the new parole statutes to his parole consideration, he was not disadvantaged by the application of the new statute. The Parole Board's stated grounds for rescinding Tyler's release date was that his release would deprecate the seriousness of his offense, be detrimental to the community, and that the Board was unwilling to believe that if paroled, Tyler would cease to violate the law. These reasons disqualified Tyler from parole

under either the new or old parole statute.  Therefore, the Court determined that application of the new statute did not violate the Ex Post Facto Clause.  The court further addressed Tyler's argument that the Parole Board impermissibly based its new decision on new information, specifically public opposition, finding such argument to be without merit.  The court refused to find that, under the old parole statute, the Parole Board was prevented from reviewing a prisoner's entire record, including public opposition.

Although the Eastern District of Missouri Court did not specifically address the issue of application of the Truth in Sentencing law to Tyler's parole denial, such law was in effect at the time and could/should have been raised by Tyler in the case.

Based upon the doctrine of res judicata, plaintiff Tyler's claims challenging recision and denial of his 1994 parole and any prior denial of parole, are foreclosed.  The doctrine of res judicata precludes the parties (and those in privity with them) from relitigating issues that were or could have been raised in a prior action.  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  Res judicata applies if:  "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases."  Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.); Holloway v. Pigman, No. 91-2570, slip op. (8th Cir. Mar. 12, 1992) (unpublished).  Two claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate.  Oberstar v. Federal Deposit Ins. Corp., 987 F.2d 494, 505 (8th Cir. 1993); Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir. 1989).  Because Tyler's claims challenging the recision of his 1994 parole date and his 1994 and previous parole denials have already been adjudicated on their merits by the Eastern District of Missouri, they should be dismissed.

Plaintiff Tyler's remaining claims challenge his denial of parole after 1994.  Plaintiff Smith's cause of action in this case continues to be his denial of parole subsequent to the 1994 enactment of the Truth in Sentencing law.  Therefore, both Smith's and Tyler's remaining claims challenge denial of parole, subsequent to 1994, based upon retroactive application of the Truth in Sentencing law in violation of the Ex Post Facto Clause.  To succeed on their claims, plaintiffs must provide evidence that the Truth in Sentencing law as applied to them increased the punishment for their crimes.  The Supreme Court in California Dep't of Corrections v. Morales,

2

514 U.S. 499 (1995), held that whether a retroactive change in state law is a violation of ex post facto is determined by whether the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." A retroactive application of a change in state parole guidelines does not necessarily constitute an ex post facto application of the law. Garner v. Jones, 529 U.S. 244, 246-47 (2000). A speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not create an ex post facto problem. Id. at 251. See also Morales, 514 U.S. at 499 (change in law as to the frequency in parole hearings did not violate the prohibition of ex post facto); Tyler v. Delo, No. 4:95CV314-CDP (E.D. Mo. 1997); Delay v. Missouri Probation, 174 S.W.3d 662 (Mo. App. 2005) (no violation of ex post facto when reason for parole denial is valid under either the old or the new statute); Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995) (denial of parole release based on seriousness of the offense valid under old or new parole statute; therefore, statute does not increase punishment beyond that allowed by the old law, and thus does not violate ex post facto). Therefore, in the instant case, for the court to determine whether, if applied to plaintiffs, the 1994 Truth in Sentencing law violated ex post facto, the court must consider any evidence plaintiffs have which suggests that their punishment was increased by the operation of the Truth in Sentencing law.

     Plaintiffs Tyler and Smith are to specifically identify evidence for the court indicating their measure of punishment for their crimes was increased by the retroactive application of the Truth in Sentencing law to their parole consideration. Plaintiffs may file new evidence or specifically identify for the court evidence already submitted. The court requires, in addition to any other relevant evidence, the specific stated grounds for Tyler's and Smith's parole denial prior to the 1994 Truth in Sentencing law, and those grounds stated in their parole considerations subsequent to the law's enactment.

     In light of this court's recommendation regarding plaintiff Tyler's claims, plaintiffs' motions to certify question to the Missouri Supreme Court, for subpoena duces tecum and to strike should be denied. Plaintiffs' motions seeking leave to file additional supplements to the record are granted. Plaintiffs' motions seeking to join additional plaintiffs in this case are denied. This case was filed more than two years, and substantial discovery has been conducted specific to the plaintiffs in this case, and hearings have been held. This court finds that joining

3

additional plaintiffs at this late stage in the proceedings would cause undue prejudice to defendants and would require substantial additional discovery in addition to the vast amounts of discovery already involved in this case. The adjudication of the claims of plaintiffs Tyler and Smith does not require that such additional plaintiffs be joined, neither does a decision in their case foreclose the parties who seek to be joined in this action from filing their own complaint with the court, if they choose to do so.

IT IS, THEREFORE, ORDERED that plaintiffs' motion, and the motions of Escoe, Conley, Hayes, and Granberry to join as additional plaintiffs in this action are denied [230, 231, 232, 233, 234]. It is further

ORDERED that plaintiffs' motions for leave to file supplemental filings to the record are granted [211, 222, 225, 226]. It is further

ORDERED that within twenty days, plaintiffs may file new evidence or specifically identify for the court evidence already submitted, which indicates their measure of punishment for their crimes was increased by the retroactive application of the Truth in Sentencing law to their parole considerations after 1994. It is further

ORDERED that in addition to any other relevant evidence, plaintiffs identify in previous filings, or provide via new filings, the specific stated grounds for their parole denials prior to the 1994 Truth in Sentencing law, and those grounds stated in all their parole considerations subsequent to the law's enactment. It is further

RECOMMENDED that plaintiffs' motions to certify question to the Missouri Supreme Court, for subpoena duces tecum and to strike be denied [220, 227]. It is further

RECOMMENDED that plaintiff Tyler's claims challenging recision of his presumptive parole date in 1994, and all claims challenging denial of parole in 1994 and in prior years be dismissed on res judicata grounds.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 12th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge