IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS SMITH, No. 42043, | ) | |
| MELVIN LEROY TYLER, No. 09670, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-4075-CV-C-NKL |
| | ) | |
| BOB HOLDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On September 12, 2006, the United States Magistrate Judge recommended that plaintiff Tyler's claims challenging recision of his presumptive parole date in 1994 and in prior years be dismissed on res judicata grounds. It was further recommended that plaintiffs' motions to certify question to the Missouri Supreme Court, for subpoena duces tecum and to strike be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by plaintiffs on November 6, 2006, and motion to publish case to the record in support of the objections filed on November 21, 2006.

The issues raised in plaintiffs' exceptions which challenged the recommendation of the Magistrate Judge to dismiss plaintiff Tyler's claims challenging the recision of his presumptive parole date in 1994 and all claims challenging denial of parole in 1994 and in prior years on res judicata grounds, and to deny plaintiffs' motions to certify question to the Missouri Supreme Court, for subpoena duces tecum and to strike, were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

---

[1] Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

Plaintiff Melvin Leroy Tyler has previously litigated his claims challenging the validity of his 1994 parole denial as violating due process and the Ex Post Facto Clause. An order was entered in the United States District Court for the Eastern District of Missouri by the Honorable Catherine D. Perry on May 29, 1997, denying Tyler's claims and petition for writ of habeas corpus. Tyler v. Delo, No. 95-0314 (E.D. Mo. 1997). Judge Perry held that the recision of plaintiff Tyler's 1994 presumptive parole release date was not an interest protected by due process, and moreover, even if Tyler had a threatened liberty interest, he was provided all the process he was due, and thus, there was no due process violation. It was further held that although Tyler had proven retrospective application of the new parole statutes to his parole consideration, he was not disadvantaged by the application of the new statute. The Parole Board's stated grounds for rescinding Tyler's release date was that his release would deprecate the seriousness of his offense, be detrimental to the community, and that the Board was unwilling to believe that, if paroled, Tyler would cease to violate the law. These reasons disqualified Tyler from parole under either the new or old parole statute. Therefore, the Court determined that application of the new statute did not violate the Ex Post Facto Clause. The court further addressed Tyler's argument that the Parole Board impermissibly based its new decision on new information, specifically public opposition, finding such argument to be without merit. The court refused to find that, under the old parole statute, the Parole Board was prevented from reviewing a prisoner's entire record, including public opposition.

Although the Eastern District of Missouri Court did not specifically address the issue of application of the Truth-in-Sentencing law to Tyler's parole denial, that law was in effect at the time and could or should have been raised by Tyler in the case.

Based upon the doctrine of res judicata, plaintiff Tyler's claims challenging recision and denial of his 1994 parole and any prior denial of parole, are foreclosed. The doctrine of res judicata precludes the parties from relitigating issues that were or could have been raised in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata applies if: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.); Holloway v. Pigman, No. 91-2570, slip op. (8th Cir. Mar. 12, 1992) (unpublished). Two

2

claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate. Oberstar v. Federal Deposit Ins. Corp., 987 F.2d 494, 505 (8th Cir. 1993); Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir. 1989). Tyler's claims challenging the recision of his 1994 parole date and his 1994 and previous parole denials are the same as his claims previously adjudicated on the merits by the Eastern District of Missouri, a court of proper jurisdiction, on which a final judgment was entered. Res judicata bars these claims.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiffs' motion to publish case to the record in support of the objections filed is granted [274]. It is further

ORDERED that the Magistrate Judge's September 12, 2006 Report and Recommendation is adopted [236]. It is further

ORDERED that plaintiffs' motions to certify question to the Missouri Supreme Court, for subpoena duces tecum, and to strike are denied [220, 227]. It is further

ORDERED that plaintiff Tyler's claims challenging recision of his presumptive parole date in 1994, and all claims challenging denial of parole in 1994 and in prior years are dismissed on res judicata grounds.

/s/ Nanette Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 1-17-07
Jefferson City, Missouri