IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CURTIS SMITH, No. 42043,            )
MELVIN LEROY TYLER, No. 09670,      )
                                    )
                  Plaintiffs,       )
                                    )
          v.                        )   No. 04-4075-CV-C-NKL
                                    )
BOB HOLDEN, et al.,                 )
                                    )
                  Defendants.       )

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs Curtis Smith and Melvin Leroy Tyler, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

This case has been underway for almost three years, and the record is extremely lengthy. The parties have submitted voluminous discovery and evidence to the court. In consideration of the length of time this case has been pending, the voluminous evidence already submitted, and the January 17, 2007 Order of the District Judge entered in this case dismissing plaintiff Tyler's claims challenging recision of his presumptive parole date in 1994 and in prior years on res judicata grounds, this court believes that the filing of summary judgment motions on plaintiffs' remaining claims in this case is appropriate at this time. Plaintiff Tyler's only remaining issue to be resolved is whether he has a legitimate claim that subsequent to his 1994 denial of parole, the Truth-in-Sentencing Law was applied in the consideration and denial of his parole, in violation of ex post facto. Plaintiff Smith's remaining claim also remains whether the Truth-in-Sentencing Law was applied in the consideration and denial of his parole after 1994, in violation of ex post facto.

Because this case has been pending for three years and extensive discovery and evidence has already been submitted to the court, extensions of the deadlines for filing summary judgment motions, responses and replies will not be granted.

Plaintiff Tyler's numerous motions seeking relief for alleged retaliation, harassment, and complaints regarding ventilation in the new Jefferson City Correctional Center (JCCC) should be denied, without prejudice. Such claims are not a part of plaintiffs' complaint, and at this stage in the proceedings, plaintiff will not be granted leave to amend the complaint, which was originally filed in 2004, to add claims regarding events which have recently occurred and are unrelated to the original claims. Such amendment would substantially prejudice defendants in this action, and proper justice and adjudication of plaintiffs' claims do not require that such claims be allowed. The resolution of this case does not foreclose plaintiff Tyler the opportunity to litigate his retaliation, harassment or conditions of confinement claims; rather, he can file a separate complaint if he deems it necessary. The court further notes alleged acts of retaliation, harassment and the complaints regarding the ventilation system at JCCC do not pose a serious threat of physical harm to plaintiff Tyler. Plaintiff Tyler's new claims regarding retaliation, harassment and lack of proper ventilation appear to coincide with his being upset regarding his removal as a law clerk from the JCCC law library. With regard to Tyler's ventilation complaints, this court, accompanied by defense counsel, visited plaintiff in his prison cell and found there to be no threat requiring this court to allow him to amend his complaint, or to issue preliminary injunctive relief.

IT IS, THEREFORE, ORDERED that motions for summary judgment in this case shall be filed by February 20, 2007; responses by March 22, 2007; and replies by April 6, 2007. It is further

RECOMMENDED that plaintiffs' motions seeking relief for alleged retaliation and harassment, and complaints regarding ventilation in the new Jefferson City Correctional Center be denied, without prejudice [235, 238, 239, 246, 248, 249, 251, 254, 256, 257, 258, 260, 262, 265, 266, 269, 270, 272, 273, 276, 277, 278, 279, 281, 283, 284, 286, 287].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge