IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CURTIS SMITH, No. 42043, ) | |
| MELVIN LEROY TYLER, No. 09670, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04-4075-CV-C-NKL |
| ) | |
| BOB HOLDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs Curtis Smith and Melvin Leroy Tyler, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff Tyler was convicted in 1977 of robbery, rape, kidnaping and armed criminal action, and received a sentence of 185 years imprisonment. Plaintiff Smith was convicted in 1984 of second degree murder and was sentenced to life imprisonment. Plaintiff Tyler complains he was denied parole in 1994 and thereafter, in violation of the Ex Post Facto Clause of the United States Constitution, and that Missouri's 1994 Truth-in-Sentencing Law, Mo. Rev. Stat. § 558.019 (1994), was applied retroactively in 1994 when his parole was revoked, and in all subsequent parole decisions. Plaintiff Smith also complains he has been denied parole, in violation of the Ex Post Facto Clause of the U.S. Constitution, stating that the Missouri Board of Probation and Parole retroactively applied the Truth-in-Sentencing Law to his parole considerations.

Plaintiff Tyler previously litigated in federal court, and lost, his claims challenging recision of his presumptive parole date in 1994, and all claims challenging denial of parole in 1994 and in prior years. Thus, those issues in this case have been resolved on res judicata grounds, and an order was entered on January 17, 2007, in this case dismissing those claims.

Therefore, plaintiff Tyler's only remaining issue in this case is whether, subsequent to his 1994 denial of parole, the Truth-in-Sentencing Law was used to deny him parole, in violation of the Ex Post Facto Clause of the U.S. Constitution. Plaintiff Smith's remaining claim in this case also is whether the Truth-in-Sentencing Law was wrongly applied to deny him parole after 1994.

On February 20, 2007, defendants filed a motion for summary judgment on plaintiffs' remaining claims. Plaintiffs have filed in suggestions in opposition and filings titled "Statement of Uncontroverted Facts," and "Plaintiffs' Supplemental Statement of Uncontroverted Facts." Defendants have replied.

Plaintiffs filed a motion for summary judgment on February 21, 2007. Defendants have filed a response, and plaintiffs' a reply.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).
Ex Post Facto

Article I, § 10, of the United States Constitution prohibits the states from passing any "ex post facto law." This clause is aimed at laws which retroactively alter the definition of crimes or increase the punishment for criminal acts. California Dep't of Corrections v. Morales, 514 U.S. 499, 504 (1995).

To succeed on their claims, plaintiffs must first prove that the Truth-in-Sentencing Law was applied retroactively to them. Plaintiffs must show that the Parole Board was using the law in making decisions about whether to grant or deny plaintiffs' parole. If plaintiffs are able to show that the Truth-in-Sentencing Law was applied retroactively, they must then prove that it resulted in an increased punishment for their crimes. The Supreme Court in Morales held that whether a retroactive change in state law is a violation of ex post facto, is determined by whether the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." A retroactive application of a change in state parole guidelines does not necessarily constitute an ex post facto application of the law. Garner v. Jones, 529 U.S. 244, 246-47 (2000). A speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not create an ex post facto problem. Id. at 251. See also Morales, 514 U.S. at 499 (change in law as to the frequency in parole hearings did not violate the prohibition of ex post facto); Tyler v. Delo, No. 95-0314 (E.D. Mo. 1997); Delay v. Missouri Probation, 174 S.W.3d 662 (Mo. App. 2005) (no violation of ex post facto when reason for parole denial is valid under either the old or the new statute); Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995) (denial of parole release based on seriousness of the offense valid under old or new parole statute; therefore, statute does not increase punishment beyond that allowed by the old law, and thus, does not violate ex post facto).

The Missouri Truth-in-Sentencing Law, when enacted, specifically provided that it only applied to offenses occurring on or after the date of its enactment on August 28, 1994. See Mo. Rev. Stat. § 558.019 (1999). In the subsequent legislative revisions of the law, the restrictions on retroactive application have continued to be included in the language of the statute. See id. (Supp. 2006). Missouri state court case law supports the position that the Missouri Truth-in-Sentencing Law is not to be applied retroactively. See Griffin v. Dormire, 26 F. Supp.2d 1179 (E.D. Mo. 1998); Bailey v. Board of Probation and Parole, 36 S.W.3d 13 (Mo. App. W.D. 2000); Irvin v. Missouri Bd. of Probation and Parole, 34 S.W.3d 202 (Mo. App. W.D. 2000). The

3

provisions of the law require specific mandatory minimum prison terms for inmates who (1) have had one previous prison commitment for a felony offense; (2) have had two previous prison commitments for felonies; (3) have had three or more previous commitments; and (4) have been found guilty of a dangerous felony. See Mo. Rev. Stat. § 558.019. (1999 & Supp. 2006).

Plaintiffs Tyler and Smith have no evidence that the Parole Board has violated the law of Missouri, and retroactively applied the Truth-in-Sentencing Law to them. Plaintiffs have no evidence that the Board applied the mandatory minimum provisions or any provisions of the law to plaintiffs' parole considerations. The reasons cited by the Parole Board in denial of parole to plaintiffs do not provide or indicate in any way that the Truth-in-Sentencing Law was applied in plaintiffs' parole considerations. Further, the reasons given by the Board in the denial of plaintiffs' paroles after the 1994 enactment of the law are the same as those given for denial before the law's 1994 enactment; thus, failing to support plaintiffs' claims that they are being denied parole because the Truth-in-Sentencing Law is being retroactively applied.

In 1989, prior to the enactment of the 1994 Truth-in-Sentencing Law, plaintiff Tyler was denied parole for the stated reasons of Tyler's criminal involvement, abuse of previous parole supervision, and a finding that there is no reasonable probability that Tyler would live and remain at liberty without again violating the law. In 1994 and 1996, Tyler was again denied parole for stated reasons, including his criminal involvement, abuse of previous parole supervision, and a finding that Tyler could not remain at liberty without violating the law. Although the 1994 and 1996 denials of parole provided some additional language discussing the specifics and circumstances of plaintiff's criminal involvement, and a statement that due to such criminal involvement, Tyler was a risk to society and that release would deprecate the seriousness of his offense, the reasons stated were made upon the same basis as those provided in his 1989 denial of parole. In 1998 and 2003, the general basis for plaintiff Tyler's denial of parole remained his criminal involvement, that being the circumstances of the crime of which he was convicted, and a finding that release would deprecate the seriousness of such offense.

In 1987, the Board denied plaintiff Smith parole, citing the circumstances surrounding plaintiff Smith's conviction of murder and stating that release would deprecate the seriousness of the offense. The Board also stated that there appeared to be no reasonable probability that Smith would remain at liberty without again violating the law, and further noted that Smith absconded

4

from parole supervision prior to his current offense. In 1994, 1996 and 2003, the reasons for Smith's parole denial provided the same reasons as those set forth in 1987. In 1994, 1996 and 2003, the Board continued to cite to the circumstances surrounding the crime for which plaintiff Smith was convicted, as well as concerns that release would deprecate the seriousness of the offense.

A lack of change in the Board's reasons for denial of parole to plaintiffs Tyler and Smith, before and after the 1994 enactment of the law, is in direct opposition of plaintiffs' claims that the Truth-in-Sentencing Law is being applied retroactively to them, beginning in 1994, causing their parole to be denied. Plaintiffs have no evidence that the reasons for denial of parole cited by the Parole Board after 1994 were false and given only to cover the Board's illegal application of the Truth-in-Sentencing Law. If the Board were applying the Truth-in-Sentencing Law to Tyler and Smith, it would be in contravention of clear statements of the law by the Legislature and the courts that the Truth-in-Sentencing Law applies only to crimes committed after its effective date.

The voluminous documents submitted to the court regarding statistics and funds received by the State of Missouri do not support plaintiffs' claims that the Truth-in-Sentencing Law is being applied to them retroactively. The documents submitted by plaintiffs merely establish two things: (1) Missouri receives federal grant monies in response to the enactment and enforcement of the Truth-in-Sentencing Law; and (2) statistically, Missouri inmates, over the last ten years, are gradually being required to serve higher percentages of their sentences of incarceration.

The mere receipt of grants for enforcement of the Truth-in-Sentencing Law provisions, which clearly dictate it is to be applied only to inmates who committed their offenses on or after the law's effective date, provides no evidence that the law is being applied to plaintiffs retroactively.

The statistical evidence, while showing a gradual increase in time served by inmates in the ten years following the enactment of the Truth-in-Sentencing Law, does not show a substantial increase in the years immediately following the enactment of the law in 1994. If the law were being retroactively applied, a reasonable judge or jury would expect to see an immediate and recognizable increase in the first few years after the 1994 enactment. The gradual increase does not evidence that such increase is the result of retroactive application of

5

the law.  Rather, the evidence indicates nothing more that a gradual change in the philosophy of the Parole Board about when inmates should be paroled.

Plaintiffs' allegation that if the decision-making process used by the Parole Board in the years prior to 1994 and the enactment of the Truth-in-Sentencing Law were applied, they would have been paroled by now, establishes nothing.  It is not evidence of retroactive application of the law to plaintiffs' parole considerations.  Plaintiffs are not entitled to an unchanging philosophy by the Parole Board.  A change in philosophy is not the same as application of the law retroactively.  The Board holds almost absolute discretion in the grant or denial of parole in Missouri.  While the Parole Board cannot apply this discretion in an arbitrary or capricious manner, or in violation of the law, it does hold full discretion in making parole decisions which are inherently complex.  Parole decisions are based on many individualized factors, including, but not limited to, the crime committed, an inmate's adjustment and conduct while incarcerated; and the Board's assessment of whether the individual is likely to lead a crime-free life upon release.  The discretion of the Parole Board in making parole decisions is inherently affected by changing philosophies on issues involving criminal punishment and the protection of society.

Plaintiffs' allegation that prison officials, such as Dennis Agniel, have admitted to applying the Truth-in-Sentencing Law retroactively is not supported by the evidence.  The evidence is that Agniel stated that the new law (Truth-in-Sentencing) has had a "chilling" effect on parole considerations, but that it was not applicable to persons convicted before August of 1994.  See Doc. No.114, Exh. 1, NAACP Meeting Minutes for 6-29-01.  This statement specifically refutes retroactive application of the Truth-in-Sentencing Law.  The statement, rather, reflects Agniel's apparent belief that the law was indicative of the change in societal philosophy, and thus, provided a "chilling" effect on decisions to deny or grant parole to prisoners, although not directly applicable.

Plaintiffs' cite to affidavits previously provided to the court indicating that other inmates also believe that the Truth-in-Sentencing Law is being applied to them, in violation of the Ex Post Facto Clause, is not admissible evidence that the law is being applied to them, in violation of ex post facto.  Moreover, the affidavits submitted are only conclusory statements of other inmates and based on hearsay.

6

## Conclusion

Plaintiffs' claim that they are being denied parole based upon the 1994 Truth-in-Sentencing Law being applied retroactively to their parole considerations is unsupported by any admissible evidence. With no evidence supporting retroactive application of the law, the court need not reach the issue of whether the law, as applied, provided a substantial risk of increasing plaintiffs' length of incarceration or punishment. Plaintiffs have no evidence to support their claims that defendants violated the Ex Post Facto Clause.

Even if the court did find the Truth-in-Sentencing Law was applied retroactively to plaintiffs, it is also clear, from the record, that their sentences were not increased as a result. As the court noted in Tyler v. Delo, No. 95-0314 (E.D. Mo. 1997), even though that court found a statute was applied retroactively to Tyler, it did not find an ex post facto application because "[t]he grounds stated for rescinding petitioner's release date were that it believed the petitioner's release would depreciate the seriousness of [petitioner's] offense and would be detrimental to the community and the Board's unwillingness to believe that petitioner, once paroled, would cease to violate the law." That has not changed. The reasons, since 1994, for denying petitioners' parole has always been the same; thus, they cannot show any increase in their sentences. They have no evidence that even if the Truth-in-Sentencing Law were applied, it created a substantial risk of increasing their sentences.

The other grounds asserted for granting summary judgment, including absolute immunity, official immunity, and statute of limitations, need not be addressed at this time, in light of this court's recommendation that defendants are entitled to summary judgment on the merits of the case.

## Miscellaneous Motions

Plaintiffs' motions seeking various relief, including an arrest warrant for the Missouri Attorney General for alleged denial and/or stealing of court documents and CD's are without merit. It is apparent that plaintiffs' allegations regarding removal of property from their possession, including relevant documents and CD's, are generated because plaintiff Tyler is upset over conduct violations he received regarding improper use of prison property, and being removed from his long-term position as a law clerk in the prison library. It appears the prison property at issue in the violations against plaintiff Tyler may have involved some information

related to this case. Nonetheless, the court will not expand the ex post facto claim in this case to include all of plaintiff Tyler's complaints associated with his recent conduct violations and removal from his law clerk position. Even if documents and CD's were removed from plaintiffs' possession, plaintiffs' response to summary judgment is not prejudiced because the extensive discovery documents and filings are already on file with the court as a result of this court's required management of discovery in this case. Further, the court notes that plaintiff Tyler is an experienced inmate law clerk, who is familiar with the judicial process and the facts and documents of this case. This case has been pending before the court for three years, and numerous conferences and a hearing have been held; thus, the parties are intimately familiar with the issues and the evidence. The court finds there to be no basis for granting plaintiffs' motions alleging denial and/or stealing of documents and/or CD's by state employees and to further delay the processing of defendants' motion for summary judgment.

Plaintiffs' motions asserting plaintiff Tyler's actual innocence of the crimes for which he has been convicted; seeking immediate judgment and release of plaintiff Smith; seeking to receive a prison newspaper; and seeking other relief which are unrelated to the current case are also without merit. These motions are frivolous and unnecessary to the processing of plaintiffs' claims. Plaintiffs' motions should be denied. The court notes that plaintiffs' continued mass filings in this case continue to hinder the processing of plaintiffs' claims on the merits. This case currently has 341 docket entries.

Plaintiffs' motions which continue with the ongoing allegations made throughout this case that they need additional discovery are without merit. This court has allowed extensive discovery in this case, and ordered discovery to be produced by defendants and plaintiffs. As a result of this ongoing management, the court has been provided copies of the discovery documents in this case. Discovery has been very extensive and voluminous. Plaintiffs' belief that additional discovery will prove their claims is nothing more than wishful thinking. Plaintiffs' motions for discovery are denied.

Plaintiff Smith's motion to join all motions filed by plaintiff Tyler is granted.

Plaintiffs' motions for an extension of time to respond to or file summary judgment are moot. Plaintiffs have filed their motion for summary judgment and response to the motion of defendants.

Plaintiffs' show-cause motions related to the merits of their ex post facto claims are addressed in the report set forth above regarding summary judgment, and therefore, are also denied as moot.

The motion to intervene filed by McKinley Robinson is denied, without prejudice, in light of this court's recommendation that defendants' motion for summary judgment be granted.

IT IS, THEREFORE, ORDERED that the motion of McKinley Robinson to intervene is denied, without prejudice. [336] It is further

ORDERED that plaintiffs' show-cause motions related to the merits of their ex post facto claims are denied. [316, 317, 339] It is further

ORDERED that plaintiffs' motions for extension of time to file and respond to summary judgment are moot. [307, 309, 329] It is further

ORDERED that plaintiff Smith's motion to join in all motions filed by coplaintiff Tyler is granted. [314] It is further

RECOMMENDED that plaintiffs' motions for issuance of federal warrant, for immediate judgment, for immediate release, for return of files; motions seeking relief regarding alleged denial and stealing of documents and CD's related to this case by the Attorney General and other state employees; and motion seeking access to prison newspaper and other unrelated claims be denied. [292, 294, 296, 304, 311, 315, 321, 322, 338, 340, 341] It is further

RECOMMENDED that plaintiffs' motion for summary judgment be denied. [312]. It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiffs' claims be dismissed. [308]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

9

specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.  See L.R. 74.1.

Dated this 25th day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

10