IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS SMITH, No. 42043, | ) | |
| MELVIN LEROY TYLER, No. 09670, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-4075-CV-C-NKL |
| | ) | |
| BOB HOLDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 25, 2007, United States Magistrate Judge William A. Knox recommended that plaintiffs' motion for summary judgment be denied, and defendants' motion for summary judgment be granted. It was also recommended that plaintiffs' motions for issuance of a federal warrant, for immediate judgment, for return of files; motions seeking relief regarding alleged denial and stealing of documents and CD's related to this case by the Attorney General and other state employees; and motion seeking access to prison newspaper and other unrelated claims be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by plaintiffs on July 9 and 25, 2007.[2] The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation is correct and should be adopted.

---

[1] Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

[2] The July 25, 2007 objections to the report and recommendation were titled, "Motion for Leave to File Citation to Regulations that Defendants Do Apply Truth in Sentencing Law Retroactive."

*Ex Post Facto Clause*

The Ex Post Facto Clause, Article I, § 10, of the United States Constitution, prohibits laws which retroactively alter the definition of crimes or increase the punishment for criminal acts. California Dep't of Corr. v. Morales, 514 U.S. 499 (1995). As thoroughly discussed in the Report and Recommendation, plaintiffs have come forward with no admissible evidence to support their claims that the 1994 Truth-in-Sentencing Law has been applied to them, in violation of the Ex Post Facto Clause.

First, plaintiffs have no admissible evidence showing the 1994 Truth-in-Sentencing Law (Law) has been applied retroactively by the Parole Board in making decisions on whether to grant or deny plaintiffs' parole. Plaintiffs' assertions of alleged evidence showing the Law is being applied retroactively are based on nothing more than plaintiffs' misstating the evidence in this case and/or twisting it and taking it out of context in an attempt to support their claims. This case has been pending before this court for more than three years, and this court is intimately familiar with the evidence. Plaintiffs' attempts to manipulate the evidence are unpersuasive.

Second, plaintiffs have no evidence to support their allegation that the 1994 Truth-in-Sentencing Law, even if applied retroactively, created a sufficient risk of increasing their sentence of incarceration. See California Dep't of Corr. v. Morales, 514 U.S. 499, 507 (1995) (retroactive change in state law is a violation of ex post facto only if the law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes"). The record is clear that the reasons for denial of plaintiffs' parole after the enactment of 1994 Truth-in-Sentencing Law have remained the same as those cited by the Parole Board before the Law's enactment. Assertions that the reasons for their denial of parole since 1994 are false and given only to cover the Board's illegal application of the Law are not supported by any evidence. With no change in the Parole Board's basis for denying plaintiffs' parole, there is no evidence that the 1994 Law, if in fact applied, disadvantaged or has put plaintiffs at sufficient risk of having their sentences of incarceration increased. See Tyler v. Delo, No. 4:95CV314-CDP (E.D. Mo. 1997) (no ex post facto violation where inmate was not disadvantaged by the application of the new parole statute - denial of parole valid under either the new or old parole statute); Delay v. Missouri Probation, 174 S.W.3d 662 (Mo. App. 2005) (no violation of ex post facto when reason for parole denial is valid under either the old or new statute); Cavallaro v. Groose, 908 S.W.2d

2

133 (Mo. 1995) (denial of parole release based on seriousness of the offense valid under old or new parole statute; therefore, statute does not increase punishment beyond that allowed by the old law, and thus, does not violate ex post facto).

Plaintiffs' arguments in their objections seeking to insert claims into this case which were previously denied or dismissed are without merit.

*Miscellaneous Motions*

Plaintiffs' objections regarding the voluminous miscellaneous motions addressed in the Report and Recommendation (including allegations asserting prejudice as a result of alleged withholding or stealing of documents and/or files in this case by defense counsel and defendants) are without merit. The issues in these motions were properly addressed in the Report and Recommendation which is adopted herein.

Plaintiffs' most recent motions subsequent to the Report and Recommendation seek subpoena for files, immediate removal to federal custody; order of correction; leave to file citations; disqualification of the undersigned and Magistrate Judge Knox, transfer of their case out-of-state, protective orders for alleged harassment and stealing of legal files, discharge from custody, disqualification of defense counsel, and an immediate hearing. The issues in these motions have been previously addressed by this court or are moot. They are denied.

On July 11, 2007, Jeffery Barmann filed a motion seeking to rejoin as a plaintiff. Barmann was dismissed from this case on May 6, 2006, upon his voluntary request. Based on the late stage of the proceedings in this case, Barmann's motion is denied.

On July 23, 2007, plaintiff Curtis Smith filed a motion seeking separation of his claims from those of plaintiff Tyler, citing Rule 52.06, Missouri Rules of Civil Procedure. The Missouri Rules of Civil Procedure are not applicable to this case; rather the Federal Rules of Civil Procedure apply. Moreover, there is no basis for separating the related claims of plaintiffs Smith and Tyler at this stage in the proceedings.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that Jeffery J. Barmann's motion to rejoin is denied. [354] It is further

ORDERED that the Report and Recommendation of May 25, 2007, is adopted. [342] It is further

ORDERED that plaintiffs' motion for summary judgment is denied. [312] It is further

ORDERED that defendants' motion for summary judgment is granted and plaintiffs' claims are dismissed. [308] It is further

ORDERED that plaintiffs' numerous miscellaneous motions addressed in the May 25, 2007 Report and Recommendation, and those subsequently filed are denied. [292, 294, 296, 304, 311, 315, 321, 322, 338, 340, 341, 343, 344, 347, 348, 350, 354 356, 357, 358, 359, 360, 361, 362 and 364]

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 9, 2007
Jefferson City, Missouri